UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KENNETH GRAY MOFFITT | ) | Chapter 7 |
| Debtor | ) | Case No. 12-50829 |
| _____ | ) | |
| KENNETH GRAY MOFFITT | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Adversary No. 12-05029 |
| | ) | |
| UNITED STATES OF | ) | |
| AMERICA | ) | |
| Defendant | ) | |
| _____ | ) | |

## PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT
## FILED BY UNITED STATES OF AMERICA

Now comes the Plaintiff, Kenneth Gray Moffitt, by counsel and states:

### Stipulation as to Facts

The Plaintiff agrees and accepts as fact the facts recited by the United States of America (hereafter "USA") in its Motion for Summary Judgment. In addition, the Plaintiff offers the following relevant facts to be considered:

1. Prior to filing the Plaintiff's 2003 tax year tax return in 2008, the Plaintiff contacted the Internal Revenue Service (hereafter "IRS") to inquire about an offer in compromise as to his various tax debt. He was informed that no offer in compromise would be considered (to accept an offer to pay less that the full amount owed as payment in full) unless Mr.

Moffitt filed all tax returns that had not yet been filed. In compliance with the stated tax purpose, Mr. Moffitt filed his 2003 tax returns in 2008.[1]

2.  The IRS charges a failure to file penalty that continues to accrue until the return is filed or until that penalty accumulates to 25% of the calculated income tax. See Document 8-4 filed by the USA at page 3 of 15. See also Document 9 at page 2 of 7. In addition, the IRS charges interest on the penalty starting from the due date of the return.

**Argument in Response to Motion for Summary Judgment of the USA**

The USA admits that the Plaintiff's federal tax obligations for tax years 2002, 2004, and 2005 are dischargeable. As to those years, summary judgment is appropriate in favor of the Plaintiff.

The dischargeability of the 2003 tax year debt is the only debt in issue. The Plaintiff/Debtor argues that the 2003 tax year debt is dischargeable under 11 USC §523(a)(1)(B)(ii) which provides in relevant part that a discharge under §727 of the Bankruptcy Code does not discharge an individual debtor for any debt for a tax "B with respect to which a return, or equivalent report or notice, if required-…(ii) was filed or given after the date on which return, report, or notice was last due, under applicable law or under any extension, and after two years before the date of filing of the petition."

In this case, the 2003 tax year return was due by April 15 of 2004. It was filed late on April 2, 2008. The IRS had assessed the 2003 tax debt on its own, without the benefit of the debtor's tax return in February 2006.

---

[1] Counsel for Mr. Moffitt spoke to Andrew Strelka, counsel for the IRS, about the above facts. Although the attorney for the IRS was not privy to such conversation and has no records regarding it, counsel did acknowledge that this is in fact the policy of the IRS to not consider any offer in compromise unless all tax returns have been filed.

The Debtor Plaintiff's bankruptcy petition was filed September 21, 2012, which is more than 2 years after the late tax return was filed.

The USA argues that the late-filed tax return was not a tax return even though it has the following characteristics of a tax return:

1. It was signed by the taxpayer under penalty of perjury.

2. It was filed on the proper Form 1040.

3. It contained the truthful information required to be reported on a tax return.

The USA argues that the tax obligation is not dischargeable under 11 USC §523(a)(1)(B)(i) because no tax return was filed at all. To reach this conclusion the USA argues that a late-filed return, filed after the IRS has assessed the taxes, is not a return at all. The USA relies on In re Hindenlang, 164 F.3d 1029 (6th Cir 1999) for that position. In Hindenlang, the Court ruled that "if a document purporting to be a tax return serves no purpose at all under the Internal Revenue Service Code, such a document cannot, as a matter of law, qualify as an honest and reasonable attempt to satisfy the requirements of the tax law. Therefore the document is not a 'return' for purposes of 11 USC §523(a)(1)(B)." Id. at 1035.

The Hindenlang case was decided before the most recent major Bankruptcy Code amendment, known as BAPCPA went into effect in 2005. When Hindenlang was decided in 1999, the Bankruptcy Code contained no definition of "tax return." As a result, Hindenlang applied a four-prong test that had been developed on prior case law. The fourth prong of that test was that the tax filer must have the subjective intent that the proffered document be a reasonable attempt to satisfy the requirements of the tax law.

The Bankruptcy Code now contains a definition of tax return that does not mention the fourth part of the Hindenlang definition.

That Code section appears after 11 USC §523(a)(19) and states:

> For purposes of this subsection, the term "return" means a return that satisfies the requirements of applicable nonbankruptcy law (including applicable filing requirements). Such term includes a return prepared pursuant to section 6020(a) of the Internal Revenue Code of 1986, or similar State or local law, or a written stipulation to a judgment or a final order entered by a nonbankruptcy tribunal, but does not include a return made pursuant to section 6020(b) of the Internal Revenue Code of 1986, or a similar State or local law.

For definitional purposes, the timeliness of the return could not be an "applicable filing requirement" under the definition of a return or else 11 USC §523(a)(1)(B)(ii) would be definitionally repealed as it mentions "returns" filed "after" they were "first due." Hence, it contemplates a late filed return. But if lateness renders it not a return, then there is no such thing as a late filed return. In order to avoid an interpretation that renders part of the Bankruptcy Code meaningless, a better construction of "applicable filing requirements" does not include timliness as part of the definition of a return.

In the event that this Court finds that the Hindenlang decision was not effectively overruled by the amendments in BAPCPA then the Defendant asks the Court to recognize and honor the fact that the Sixth Circuit Hindenlang opinion contains certain language that expressly limits its applicability. Specifically, footnote 7 states:

> "We do not conclude that were **Hindenlang** able to show a tax purpose for filing a Form 1040 after the IRS has made an assessment, he would automatically satisfy the fourth prong of the *Beard* test. The government could still produce particularized evidence showing that such a late filing of a Form 1040 was neither an honest nor reasonable attempt to comply with the tax law. We save resolution of that hypothetical case for another day. Hindenlang at 1035 Note 7.

The instant case falls within the stated footnote because Mr. Moffitt's late return does serve a tax purpose.

First, it is an unassailable fact that a taxpayer has a duty to file a tax return for a year in which he has earned taxable income. Nowhere in the tax code is there a provision which

exonerates an individual from the duty to file a return simply because he has been delinquent for five years in filing a return for a given year.

The filing by the IRS of a substitute for return under §6020(b) of the Internal Revenue Code does not constitute a "return" filed by the Debtor under the Bankruptcy Code. Nor does the filing of a substitute return act as forgiveness to the taxpayer of the obligation to file a return. In fact, if a taxpayer fails to file returns, he can be prosecuted criminally. The filing of a substitute for return by the IRS does not excuse a taxpayer from possible criminal penalties for not filing a return.

Therefore, simply because the IRS has assessed taxes under a substitute for return, it does not mean there is no purpose for the return under the tax law. The filing of the return is an attempt to follow the requirement in the law that a return be filed. If we do not deem this to be a return, then Hindenlang would mean there is no way to possibly comply with the requirement of filing a return if the IRS had already assessed the tax because the late return could not be deemed a return. At this point, a taxpayer could not bring himself into compliance with the obligation to file a return.

In this case, the Debtor had the further tax purpose of filing his late return in that he wanted to be able to be considered for an offer in compromise, but could not get any consideration of an application unless the return was filed -- even though the tax had been assessed. (See Debtor's stipulated fact number 1 above.) Under Hindenlang one could never be considered for an offer in compromise if he had not filed his return prior to the tax being assessed because the late return is not a return at all. Hence, under IRS rules, no offer in compromise could be considered. This would be contrary to a legitimate tax purpose of the IRS. Offers in Compromise are legally enforceable contracts used to allow the IRS to collect more

than it could otherwise get from the delinquent taxpayer. At the same time, offers in compromise are a useful legal means to allow a delinquent taxpayer to bring himself into compliance with his tax obligations and rejoin the population of law-abiding, tax-paying citizens.

Lastly, the Debtor subjectively believed that the late filing of a return would allow the non-filing penalty and the interest on the non-filing penalty to stop accruing. In this way, the late-filed return was an honest attempt to comply with that part of the tax law that allows late filing penalties to cease accruing. The late filing penalty ordinarily stops accruing when the return is filed. This was the Debtors subjective intent, though he may have been mistaken if the penalties had already stopped accruing if they had reached the 25% of tax maximum.

With these legitimate purposes in mind, the Debtor filed his 2003 tax return. Since the filing was an honest effort to comply with the stated tax purposes, it was a return, and the debt should be dischargeable under 11 USC §523(a)(1)(B)(ii).

Dated this, the 12th day of June 2013.

Respectfully submitted,

BY:   /s/Marcus H. Herbert
Marcus H. Herbert
KY Bar # 87617
416 South 5th Street
PO Box 2693
Paducah, KY 42002-2693
(270) 443-0303

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing has been electronically filed with the U.S. Bankruptcy

Court, Western District of Kentucky, and that a copy has been served upon the following on this,

the 12th day of June 2013:

By electronic mailing: Deborah Simon, Trustee

By U.S. Mail:

Andrew Strelka
Trial Attorney, Tax Division
US Dept of Justice
PO Box 227
Washington, DC 20044

/s/Marcus H. Herbert
Marcus H. Herbert
