UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KENNETH GRAY MOFFITT | ) | Case No. 12-50829 |
| | ) | Chapter 7 |
| Debtor | ) | |
| _____ | ) | |
| KENNETH GRAY MOFFITT | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Adversary No. 12-05029 |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant | ) | |
| _____ | ) | |

**Memorandum-Opinion**

THIS ADVERSARY PROCEEDING is before the court on the Defendant United States' Motion for Summary Judgment, which seeks to except from discharge the Plaintiff Kenneth Gray Moffitt's (the "Debtor") 2003 federal income tax liabilities under 11 U.S.C. § 523(a)(1)(B)(i). As discussed below, the Court finds the United States is entitled to summary judgment as a matter of law.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(I).

Facts

The factual background of this case is undisputed. The Debtor failed to file a tax return for the year 2003. Consequently, on June 2, 2005, the Internal Revenue Service (IRS) sent the Debtor

1

a "Thirty-day Letter" proposing the assessment of federal income taxes and statutory additions to tax against the 2003 tax year. The letter stated that because the debtor had failed to file a 2003 federal income tax return, the IRS had calculated his liabilities for him. Then, on August 9, 2005, the IRS sent the Debtor a "Ninety-day Letter" determining an income tax deficiency for the Plaintiff's 2003 tax year. This letter stated that unless the Debtor petitioned the U.S. Tax Court to contest the IRS's determination within ninety days, the IRS would assess the tax liabilities described in the letter. The Debtor, however, failed to respond. The IRS began to perform an assessment of tax, penalties, and interest on February 6, 2006. On April 2, 2008, the Debtor filed a 2003 1040 form that adopted the tax liability previously determined by the IRS. According to the Debtor's submissions in this adversary proceeding, he filed this 1040 form because he believed (1) that it was a requirement for him to be eligible for an offer of compromise from the IRS, and (2) that filing the return would allow the "non-filing penalty and interest on the non-filing penalty to stop accruing." (Pl.'s Response to Mot. for Summ. J. Filed by U.S., at 6.) On September 21, 2012, the Debtor filed for bankruptcy.

On November 19, 2012, the Debtor filed this adversary proceeding against the United States, alleging that the 2003 tax debt is dischargeable. The United States has filed a motion for summary judgment, arguing that the 2003 return the debtor filed in 2008 does not qualify as a "return" under 11 U.S.C. § 523(a) and, therefore, the 2003 tax is nondischargeable under 11 U.S.C. § 523(a)(1)(B)(i), which excepts from discharge tax debts with respect to which a tax return was never filed. 11 U.S.C. § 523(a)(1)(B)(i).

Discussion

Summary judgment is appropriate under Federal Rule of Bankruptcy Procedure 7056 when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Bankr. P. 7056; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The Court must decide only one issue here–whether the 2003 1040 form filed by the Debtor in 2008 is a "return" under 11 U.S.C. § 523(a).  Under § 523(a)(1)(B)(i) a tax debt is excepted from discharge if it is a debt "with respect to which a return, or equivalent report or notice, if required **(i)** was not filed or given . . . ."  11 U.S.C. § 523(a)(1)(B).  Section 523(a)'s "hanging paragraph," added to the Bankruptcy Code as part of the BAPCPA amendments in 2005, clarifies the definition of "return" as follows:

> For purposes of this subsection, the term "return" means a return that satisfies the requirements of applicable nonbankruptcy law (including applicable filing requirements). Such term includes a return prepared pursuant to section 6020(a) of the Internal Revenue Code of 1986, or similar State or local law, or a written stipulation to a judgment or a final order entered by a nonbankruptcy tribunal, but does not include a return made pursuant to section 6020(b) of the Internal Revenue Code of 1986, or a similar State or local law.

11 U.S.C. § 523(a).

In this circuit, the case of *United States v. Hindenlang* (*In re Hindenlang*) sets forth the nonbankruptcy law requirements that a document must satisfy in order to qualify as a return under § 523(a).  164 F.3d 1029, 1034-35 (6th Cir. 1999).  In *Hindenlang*, the debtor filed his 1040 forms years after the IRS had made an assessment of his tax liability.  *Id.* at 1031.  The debtor then claimed that these 1040 forms qualified as "returns" under § 523(a).  To determine whether or not these 1040 forms qualified as "returns," the Sixth Circuit Court of Appeals borrowed from Tax Court authority and applied the four-part *Beard* test.  *Id.* at 1034 (citing *Beard v. Commissioner*, 82 T.C. 766, *aff'd*, 793 F.2d 139 (6th Cir. 1986)).  The *Beard* test reads as follows: In order for a document to qualify as a return: "(1) it must purport to be a return; (2) it must be executed under penalty of perjury; (3) it must contain sufficient data to allow calculation of tax; and (4) it must represent an honest and reasonable attempt to satisfy the requirements of the tax law."  *Id.* at 1034 (quoting *United States v. Hindenlang* (*In re Hindenlang*), 214 B.R. 847, 848 (S.D. Ohio 1997)).

The *Hindenlang* court went on to state that, because the debtor submitted his 1040 forms after the IRS's assessment, the forms could not affect the statute of limitations on the IRS's right to

make an assessment or collect on an assessment through levy or judicial proceeding. *Id.* at 1035. Nor could the filing of the forms "absolve [the debtor] from civil or criminal liability had the IRS chosen to impose such liability." *Id.* The filings were filed "too late to have any effect at all under the Internal Revenue Code," served "no purpose under the tax law," and did not constitute "an honest and reasonable attempt to satisfy the requirements of the tax law." *Id.* at 1034. On these grounds, the court held that the debtor's 1040 forms failed the fourth prong of the *Beard* test, and could not be "returns" under § 523(a). *Id.* at 1035.

Other courts following *Hindenlang* have clarified that, even if the filing of post-assessment forms has some purpose from the debtor's perspective–such as allowing the debtor to obtain an offer of compromise or abatement from the IRS–the forms may still fail to demonstrate an honest and reasonable attempt to comply with the tax law. *See In re Payne*, 431 F.3d. 1055, 1057 (7th Cir. 2005) (discussing an offer of compromise); *Maroney v. United States* (*In re Maroney*), 352 F.3d 902, 903-04 (4th Cir. 2003) (abatement); *Izzo v. United* States(In *re Izzo*), 340 B.R. 586, 593-94 (E.D. Mich. 2006) (abatement). "The legal test is not whether the filing of a purported return has some utility for the authorities, but whether it is a reasonable endeavor to satisfy the taxpayer's obligations, as it might be if the taxpayer had tried to file a timely return but had failed to do because of an error by the Postal Service." *In re Payne*, 431 F.3d. at 1058.

Here, the Debtor argues that his post-assessment form had a "tax purpose" and represents a reasonable attempt to comply with the tax law because he believed he needed to file the 1040 form to be considered for an offer of compromise and to stop the accrual of non-filing penalties and interest against him. The Court cannot accept this argument. The Debtor failed to file his 2003 tax forms for several years. Then, after an assessment had been made against him, the Debtor submitted the 2003 form in an attempt to limit his liability with the IRS. The Court cannot call this behavior a reasonable attempt to comply with the tax law, whatever the Debtor may have believed.[1]

---

[1]The Debtor also suggests that, because *Hildinger* predates the BAPCA amendments that added the hanging paragraph to § 523(a), *Hildinger* may no longer govern our analysis in this case. The Court disagrees. The hanging paragraph makes specific references to tax returns under §§ 6020 (a) and (b) of the Internal Revenue Code, but otherwise leaves the definition of

4

The 1040 form at issue in this case does not represent an honest and reasonable attempt to comply with the tax law and thus does not constitute a return under § 523(a). Consequently, this debt is nondischargeable.

## Conclusion

For the foregoing reasons the Court concludes that the United States is entitled to summary judgment. The Court will order the Debtor's 2003 federal income tax liabilities excepted from discharge. A separate Order consistent with the foregoing has been entered in accordance with Federal Rule of Bankruptcy Procedure 9021.

*/s/ Thomas H. Fulton*

Thomas H. Fulton
United States Bankruptcy Judge

Dated: June 28, 2013

---

"return" to applicable nonbankruptcy law. *Hildinger* examined federal tax law and provided an applicable nonbankruptcy law definition for "return"–the four-part *Beard* test. *Hildinger* and the hanging paragraph thus work perfectly well together, and *Hildinger* continues to be mandatory authority in this circuit.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KENNETH GRAY MOFFITT | ) | Case No. 12-50829 |
| | ) | Chapter 7 |
| Debtor | ) | |
| _____ | ) | |
| KENNETH GRAY MOFFITT | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Adversary No. 12-05029 |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant | ) | |
| _____ | ) | |

**Order**

THIS ADVERSARY PROCEEDING is before the court on the Defendant United States' Motion for Summary Judgment, which seeks to except from discharge the Plaintiff Kenneth Gray Moffitt's (the "Debtor") 2003 federal income tax liabilities. Pursuant to Federal Rules of Bankruptcy Procedure 7054 and 9021 and the Court's Memorandum-Opinion entered this same date and incorporated herein by reference, the Court GRANTS SUMMARY JUDGMENT to DEFENDANT and ORDERS that the Debtor's 2003 federal income tax liabilities be excepted from discharge under 11 U.S.C. § 523(a)(1)(B)(i).

*Thomas H. Fulton*
Thomas H. Fulton
United States Bankruptcy Judge

Dated: June 28, 2013